UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MARTIN ROSENDARY,<br><br>　　　　　　　　　Defendant. | Criminal Action No. 22-cr-00742 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

　　This matter comes before the Court on Defendant Martin Rosendary's ("Rosendary" or "Defendant") informal application for early termination of supervised release pursuant to 18 U.S.C. § 3583(e). (ECF No. 5.) The United States of America ("the Government") opposed the request. (ECF No. 6.) The Court has carefully considered the parties' submissions and decides this motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion for early termination of supervised release is **DENIED**.

**I.　BACKGROUND**

　　On September 2, 2016, Rosendary entered a guilty plea in the Northern District of Georgia to three counts of an eleven-count Indictment that charged him with Interference with Commerce by Threat or Violence, in violation of 18 U.S.C. § 1951(a) (Count One); Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §846 (Count Two); and Interference with Commerce by Extortion Under the Color of Official Right, in violation of 18 U.S.C. § 1951(a) (Count Three). (*See* Presentence Investigation Report ("PSR") ¶¶ 15, 2-4.) Following his guilty plea on August 15, 2018, Rosendary was sentenced to a term of sixty (60) months' incarceration, followed by three (3) years' supervised release. (ECF No. 2-2.)

After completing his sentence, Rosendary was released from federal prison, and his term of supervised release commenced on April 13, 2022. (*See* June 1, 2023 U.S. Probation Response Letter). In November of 2022, this case was transferred to the District Court of New Jersey. (ECF No. 2.) Rosendary's term of supervised release is set to expire on April 12, 2025. (*See id*.)

On May 1, 2023, Rosendary filed the instant application for early termination of supervised release (ECF No. 5), which the Government opposed (ECF No. 6).

## II.   LEGAL STANDARD

The Court may terminate a term of supervised release at any time after one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The statute directs the Court to consider factors listed under 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges established for the defendant's crimes; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). In deciding whether to terminate supervision early, the Court has broad discretion under § 3583(e). *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014))).

After considering the § 3553(a) factors and present circumstances of a defendant, a district

court may grant early termination only if satisfied that it is "warranted by the defendant's conduct and is in the interest of justice." *Id*. (citing 18 U.S.C. § 3583(e)(1)). District courts need not make express findings for each § 3553(a) factor; "rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Id*. at 53 (alteration in original) (quoting *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)). Further, as the Third Circuit clarified, the Court need not find an exceptional or extraordinary circumstance to grant early termination. *Id*. Nor is it a requirement that the defendant present a new or unforeseen occurrence that arose since the original sentencing. *Id*. "In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such termination." *Id*. (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)).

Generally, because the imposition of an original sentence should be "sufficient, but not greater than necessary" 18 U.S.C. § 3553(a), courts "expect that something will have changed in the interim that would justify an early end to a term of supervised release," though fulfilling this expectation is not required. *Melvin*, 978 F.3d at 53. Conversely, a defendant's routine compliance with the terms of supervision, although "commendable ... is precisely what is expected of [a defendant]." *United States v. Stiso*, No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021).

**III.   DISCUSSION**

After review of the § 3553(a) factors, the Court determines that early termination of supervised release is not warranted at this time.

First, the nature and circumstances of Rosendary's offense are serious. Rosendary and his co-conspirators, which included a corrupt police officer named Charles Hubbard, conspired to perpetrate various robberies, relying on Hubbard's position as a law enforcement officer. (PSR ¶ 18.) On or about April 4, 2016, Rosendary and Hubbard conspired to rob an individual who,

unbeknownst to Rosendary and Hubbard, was cooperating with law enforcement. (PSR ¶ 54.) As part of Rosendary and Hubbard's plan, Hubbard pulled the individual's car over and approached the vehicle wearing a tactical vest, displaying a police badge, and carrying his service firearm. (PSR ¶ 58.) Hubbard then took a briefcase from the individual that contained $40,000, which Hubbard and Rosendary divided amongst themselves before being arrested shortly after that. (PSR ¶¶ 58-60.) Further, as noted in the Government's opposition brief, Rosendary has a previous conviction, albeit, from 1993, that involved his possession of a firearm that he pointed at an individual while threatening to kill that individual. (PSR ¶ 109.)

Second, § 3583(e) provides that the Court "may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)). Here, Rosendary points to his post-release conduct and the lack of any incidents in arguing for early termination. (ECF No. 5.) Rosendary emphasizes that he has complied with the conditions of his supervision, "taken responsibility," "spent a great deal of time trying to atone for [his] actions," "developed a positive work history," and is otherwise living a law-abiding life. (*Id.*) Rosendary states that although he has been employed since a month after his release, two prospective employers have rescinded their offers after learning that he is on supervised release. (*Id.*) Rosendary contends that early termination of his supervised release would allow him "to take advantage of opportunities that are not offered to people who are on probation." (*Id.*) In other words, Rosendary appears to be doing well since his release from custody.

While the Court commends Rosendary for complying with the terms of his supervised release, it notes that compliance does not warrant early termination. *See Stiso*, 2021 WL 1291648, at *3 (declining to terminate defendant's supervised release when defendant

4

"provided no reason justifying early termination of supervised release other than compliance with the conditions of his supervision"). While changed circumstances are not necessarily required to grant early termination of supervised release, *see Melvin*, 978 F.3d at 53, Rosendary's compliance with the terms of supervision is expected and not enough to justify early termination. Further, although understandable that Rosendary wishes to explore other employment opportunities, he acknowledges that he has been able to maintain employment throughout his term of supervised release. The Court, therefore, finds that there are no changed circumstances to warrant early termination of his supervised release. Accordingly, the application is denied at this time.

## IV.   CONCLUSION

For the reasons herein, Rosendary's motion for early termination of his supervised release is **DENIED**. An appropriate Order follows.

**Dated**: February 14, 2024

                                                **JULIEN XAVIER NEALS**
                                                **United States District Judge**